UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7337 PSG (FFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Andrew Dawson v. Hitco Carbon Composites, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):     Order DENYING Plaintiff's Motion to Remand**

Before the Court is Plaintiff Andrew Dawson's motion to remand this action to state court.  Dkt. #11.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ.P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court DENIES the motion.

I.      Background

Plaintiff Andrew Dawson ("Plaintiff") was employed by Defendant HITCO Carbon Composites, Inc. ("Defendant") as an hourly, non-exempt employee in California from January 2013 until June 2014.  Dkt. #1, Ex. A ("Compl.") ¶ 18.  On August 29, 2016, Plaintiff filed a wage and hour putative class action complaint against Defendant in the Superior Court for the County of Los Angeles on behalf of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Compl*. ¶ 13.  Plaintiff asserts that Defendant "engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees[.]"  *Compl*. ¶ 25.

Plaintiff brings claims for violations of: (1) Cal. Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (2) Cal. Labor Code § 226.7 (unpaid rest period premiums); (3) Cal. Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (4) Cal. Labor Code §§ 201 and 202 (final wages not timely paid); (5) Cal. Labor Code § 204 (wages not timely paid during employment); (6) Cal. Labor Code § 226(a) (non-compliant wage statements); (7) Cal. Labor Code § 1174(d) (failure to keep requisite payroll records); (8) Cal. Labor Code §§ 2800 and 2802 (unreimbursed business expenses), and (9) violation of California's Unfair Competition Law ("UCL"), Cal. Bus & Prof. Code §§17200 *et seq*.  *See Compl*. ¶¶ 36-43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7337 PSG (FFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Andrew Dawson v. Hitco Carbon Composites, Inc., et al. | | |

Defendant removed the case to this Court on September 29, 2016 pursuant to the Class Action Fairness Act of 2005 ("CAFA").  Dkt. #1.  On October 21, 2016, Plaintiff filed this motion to remand the case.  Dkt. #11 ("Mot.").

II.   Legal Standard

CAFA provides federal jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, there is minimal diversity between the parties, and the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court ... [and] intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego v. Dow Chem*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal."  *Dart Cherokee*, 135 S. Ct. 547 at 553. Additionally, the Supreme Court clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless a defendant's assertion is contested by the plaintiff.  *Id.* at 554.  Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required."  *Id.*  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 550.  Ultimately, the defendant bears the burden of proving that the amount in controversy is met.  *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir.2013).

III.   Discussion

Plaintiff does not contest CAFA's jurisdictional requirement of minimal diversity and class numerosity at set forth in 28 U.S.C. § 1332(d)(2); the sole dispute is whether CAFA's requirement that the amount in controversy exceed $5,000,000 is met here.  *See generally Mot*.

In the Notice of Removal, Defendant contends that the amount in controversy exceeds $5,000,000 based on Defendant's damage calculations on four of Plaintiff's claims: (1) failure to pay meal period compensation, (2) failure to pay rest period compensation, (3) waiting time penalties, and (4) failure to furnish wage statements, and on the attorneys' fees Plaintiff could potentially recover in the action.  Dkt. #1 ("NOR").  Alongside its Opposition to this motion, and

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7337 PSG (FFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Andrew Dawson v. Hitco Carbon Composites, Inc., et al. | | |

to further support its contentions, Defendant submits the declaration its Head of Human Resources, Sherry Peterson ("Peterson").  Dkt. #12 ("Opp."), *Peterson Decl.* ¶ 2.  In her declaration, Peterson provides general statistics gleamed from Defendant's records, such as the number of putative class members, the putative class members' weighted average hourly wage, and the number of putative class members terminated during the relevant time period.  *See Peterson Decl.* ¶ 4.

Defendant calculates, based on Plaintiff's allegations and the declaration submitted by Peterson, that the amount in controversy for meal and rest period violations (claims 1 and 2) amounts to $5,571,984.42, therefore satisfying the CAFA requirement.  Because the Court concludes that Defendant has shown, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied by Plaintiff's first two claims alone, the Court need not examine the calculations underlying the remaining claims, as even minimal recovery on each would add to the amount in controversy above the statutory requirement.

    a.    <u>Meal and Rest Period Violations (Claims 1 and 2)</u>

California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period."  The penalty for violation of section 226.7(b) is "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c).  The statute of limitations for a claim based on any statutory claim in California, other than a penalty or a forfeiture, is three years.  *See* Cal. Code Civ. Proc. § 338(a); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *3 (C.D. Cal. May 21, 2015).  Plaintiff's ninth claim, which seeks "restitution" for, *inter alia*, meal and rest premiums under the UCL, is subject to a four-year statute of limitations.  *See Compl*. ¶¶ 102,105; Cal. Bus. & Prof. Code § 17208.

In his complaint, Plaintiff alleges that during the relevant time period, "Defendants intentionally and willfully required Plaintiff and other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods." *Compl*. ¶ 52.  Plaintiff alleges the same regarding rest periods.  *See id*. ¶ 61.  Plaintiff's allegation that he and other class members "worked over eight (8) hours in a day," *see id*. ¶ 24, establishes that class members are entitled to at least one meal period and at least one rest period during their shifts.  *See* Cal. Labor Code §§ 226.7, 512(a) ("An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7337 PSG (FFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Andrew Dawson v. Hitco Carbon Composites, Inc., et al. | | |

minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.").

In its NOR, Defendant submits that it employed 591 putative class members during the four-year class period from August 29, 2012 to August 29, 2016. *NOR* ¶ 27(a)(iii). Defendant further contends that the average hourly pay for these employees was $17.54 and that they worked on aggregate 317,673 days during the four-year class period. *Id.* ¶ 27(b) and (d)(ii). These assertions are supported by the Peterson declaration. *See Peterson Decl.* ¶ 4.

Based on the foregoing, Defendant assumed a violation for meal periods occurred on half of the total days worked (50% violation rate), therefore multiplying the average hourly rate of $17.54 by one half of the aggregate number of days worked (158,836.5). *NOR* 12; *Opp.* 7. The resulting amount in controversy for alleged meal break violations is $2,785,992.21. *Id.* Because the penalties for meal and rest period violations are the same, Defendants applied the same math to the rest break calculation, arriving at the same sum of $2,785,992.21. *NOR* 14; *Opp.* 7. These two claims alone reach the amount in controversy of $5,571,984.42, well over the statutorily required amount.

Plaintiff contests this calculation by arguing that it is unreasonable for Defendant to assume a 50% violation rate. *Mot.* 7. This argument is unavailing in light of the cases that have approved a 100% violation rate based on allegations nearly identical to those presented here. For example, in *Meija v. DHL Express (USA), Inc.*, the Court found a 100% violation rate to be a reasonable assumption based on the allegations that Defendant "adopted and maintained uniform policies, practices and procedures" that caused the purported violations of California's rest period law. *Meija*, 2015 WL 2452755, at *4. The Court concluded it was not unreasonable "to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied." *Id.*

Similarly, in *Duberry v. J.Crew Group, Inc.*, the Court observed that allegations of a "uniform policy," "systematic scheme," and violations occurring at "all material times" are the types of allegations found sufficient to assume a 100% violation rate. *Duberry v. J.Crew Group, Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, *6 (C.D. Cal. July 28, 2015). Then, in *Lopez v. Aerotek, Inc.*, Plaintiff challenged the 100% violation rate on grounds that Plaintiff had never alleged that "Aerotek engaged in a 'pattern and practice' of violating labor laws, that 'all' employees missed their meal and rest periods, that an employee missed 'all' of his or her meal and rest periods, or that Aerotek 'consistently' failed to provide its employees with meal and rest periods." *Lopez v. Aerotek, Inc.,* No. SACV 14-00803-(CJCx), 2015 WL 2342558, *3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7337 PSG (FFMx) | Date | December 14, 2016 |
|----------|----------------------|------|-------------------|

| Title | Andrew Dawson v. Hitco Carbon Composites, Inc., et al. | | |

(C.D. Cal. May, 14, 2015). Noting that Plaintiff did not suggest "an alternative violation rate on which the Court could rely," the Court was persuaded that Defendant could logically assume a 100% violation rate because Plaintiff did not qualify her allegations in the complaint to be on behalf of anything less than all the employees. *Id.* In *Sanchez v. Russell Sigler, Inc.*, the Court approved Defendant's use of a 100% violation rate because Plaintiff's complaint alleged that, "at all material times," Defendant failed to provide putative class members with uninterrupted meal and rest breaks as required by California law. *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, *6 (C.D. Cal. Apr. 28, 2015).

Here, Plaintiff alleges that Defendant engaged in a "uniform policy/practice of wage abuse[,]" which "involved, *inter alia*, failing to pay [Plaintiff and the putative class members] for all regular wages earned, and missed meal periods and rest breaks[.]" *Compl.*¶ 25. Furthermore, Plaintiff alleges that, "[a]t all material times," Defendant failed to provide the requisite uninterrupted meal periods and rest periods. *Id.* ¶ 36. Such allegations fall squarely in line with *Meija*, *Duberry* and *Lopez*, and are in fact nearly identical to the ones asserted by the plaintiff in *Sanchez*. *See Sanchez*, 2015 WL 12765359, *1-2 ("'[a]t all material times . . . ,' failing to provide Plaintiff and putative class members with 'uninterrupted meal and rest periods.").

In addition, Plaintiff's allegations contain no qualifying words such as "often" or "sometimes," to suggest less than uniform violation that would preclude assuming a 100% violation rate. *See, e.g.*, *Ibarra*, 775 F.3d at 1198 (holding that allegations of violations occurring on "multiple occasions" are insufficient to support an assumed 100% rate of violation, because such language precludes a conclusion that violations occurred on every occasion possible); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906 (N.D. Cal. Apr. 4, 2016) (rejecting assumption of a 100% violation rate where Plaintiff alleged he "*regularly* worked shifts of eight to twelve hours per day without being afforded a meal break during the first five hours"). To the contrary, Plaintiff uses language that supports an assumption of universal violations, such as:

> - "Defendants failed to provide Plaintiff and the other class members the required
>   rest and meal periods;" *Compl.* ¶ 26, or,

> - "Plaintiff and the other class members who were scheduled to work for a period
>   of time in excess of six (6) hours were required to work for periods longer than
>   five (5) hours without an uninterrupted meal period of not less than thirty (30)
>   minutes and/or rest period." *Id.* ¶ 51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-7337 PSG (FFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Andrew Dawson v. Hitco Carbon Composites, Inc., et al. | | |

The Court, however, need not determine whether a 100% violation rate is proper here, because Defendant utilizes a more conservative 50% violation rate in its calculations, estimating, based on Plaintiff's allegations, that a meal and/or rest break violation occurred on at least half of the days worked. *NOR* ¶¶ 30, 35; *Opp*. 8. In light of the caselaw above, this rate is sufficiently supported by Plaintiff's allegations and Defendant's supporting evidence. Moreover, courts have approved 50% violation rates based on allegations of violations occurring with even less frequency than those alleged here. In *Oda v. Gucci America, Inc*., Plaintiff alleged that Defendant "maintained a policy or practice of not paying additional compensation" for missed meal and/or rest periods, and that Plaintiff and the class members "sometimes" did not receive all of their meal periods. *Oda v. Gucci America, Inc.,* No. 2:14–CV–07469–SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan.7, 2015). The Court found Defendant's assumption of a 50% violation rate reasonable, noting that Plaintiffs could have pled facts narrowing the scope of their claims had they "wanted to avoid removal." *Id*.

Therefore, while Defendant's calculation of the amount in controversy rests on an assumed 50% rate of violation, this assumption is supported by the unqualified allegations in Plaintiff's complaint and the evidence presented by Defendant. Removing defendants will inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation. *Coleman v. Estes Express Lines, Inc*., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("The burden is not daunting, and a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.") (internal quotations omitted); *see also Unutoa*, 2015 WL 898512, *3; *Oda*, 2015 WL 93335, at *5. Accordingly, the Court concludes that Defendant has proven the amount of controversy by a preponderance of the evidence, thereby satisfying the requirements for federal jurisdiction under CAFA.

IV.   Conclusion

Based on the foregoing, Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**